# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| SEAN MAURICE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV- 501 PLC |
| ) | |
| DR. RICK SCOTT and ERIC BARNHART, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Sean Maurice Johnson, an inmate at Potosi Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $37.42. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $187.12. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $37.42, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual

allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff seeks monetary relief in this action for the violation of his constitutional rights under 42 U.S.C. § 1983. Plaintiff names as defendants Eric Barnhart, his attorney in an underlying criminal matter from 2013, and Dr. Rick Scott. Dr. Rick Scott was retained by defendant Barnhart to conduct a psychological evaluation of plaintiff to determine if he was competent to stand trial on a charge of first degree assault. Plaintiff states that Dr. Scott was required by a Missouri statute to file a written report of his psychological examination of plaintiff, which he did not do. Plaintiff alleges a breach of duty and medical malpractice against Dr. Scott. He also alleges legal malpractice against Eric Barnhart for not filing a motion to rely on the defense of mental disease or defect.

## Discussion

Having carefully reviewed and liberally construed plaintiff's allegations, the Court finds that the complaint is largely duplicative of plaintiff's complaints previously filed in *Johnson v. Barnhart*, No. 4:15-CV-286 CAS (E.D. Mo.) and *Johnson v. Scott*, 4:18-CV-360 PLC (E.D.Mo.) and, like his prior cases, is legally frivolous as to the defendants.

To state a claim under § 1983, a plaintiff must establish that a person acting under color of state law committed the acts that form the basis of the complaint. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986). The allegations against defendant Eric Barnhart for legal malpractice do not constitute action under color of state law for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312

(1981) (actions of public defender performing traditional functions of attorney do not constitute action under color of state law); *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (attorneys, whether appointed or retained, who represented plaintiff in criminal proceedings did not act under color of state law and were not subject to suit under § 1983); *Harkins v. Eldredge*, 505 F.3d 802, 803 (8th Cir. 1974) (conduct of counsel, either retained or appointed, in representing client does not constitute action under color of state law). Similarly, plaintiff does not allege, and there is no indication, that Dr. Rick Scott is a state actor for purposes of § 1983, and therefore, this action will be dismissed under 28 U.S.C. § 1915(e)(2)(B). Last, to the extent plaintiff is seeking to allege state law claims, the Court will decline to exercise jurisdiction over such claims. *See* 28 U.S.C. § 1367(c).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $37.42 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #2] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that to the extent plaintiff is seeking to pursue state law claims, the Court declines to exercise supplemental jurisdiction over such claims. See 28 U.S.C. § 1367(c).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 19th day of April, 2018.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE